NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2503
_____

NELSON QUINTEROS,
                                        Appellant

v.

WARDEN PIKE COUNTY CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-17-cv-00290)
District Judge: Honorable Matthew W. Brann
_____

ARGUED: February 7, 2019

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: August 29, 2019)


Heidi R. Freese
Federal Public Defender
Quin M. Sorenson          [ARGUED]
Asst. Federal Public Defender
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA  17101
        *Counsel for Appellant*

Timothy S. Judge
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA  18503

Joseph H. Hunt
Assistant Attorney General
William C. Peachey
Director District Court Section
Gisela A. Westwater
Assistant Director District Court Section
Jessica D'Arrigo
Senior Litigation Counsel
Gladys M. Steffens Guzman [ARGUED]
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC  20044
        *Counsel for Appellee*

———————————

OPINION[*]

———————————

**SCIRICA**, *Circuit Judge*

After Nelson Quinteros, a citizen of El Salvador, served a prison sentence for a felony conviction, the Government initiated immigration removal proceedings against him. During removal proceedings, Quinteros was subject to mandatory detention under 8 U.S.C. § 1226(c), which requires detention of a criminal alien in Quinteros'

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

circumstances. Quinteros' removal case was complex, and Quinteros stayed in immigration detention for over two years while it remained unresolved. At that point, Quinteros received an administrative bond hearing, which gave him the opportunity to argue for his release while proceedings continued. The Immigration Judge (IJ), after considering evidence of Quinteros' criminal acts and more recent circumstances, denied Quinteros' request for release, resulting in his continued detention for over two more years. Quinteros now petitions for habeas corpus, challenging the sufficiency of the bond hearing he received. Because Quinteros' hearing complied with constitutional due process requirements and we lack jurisdiction to otherwise review the IJ's "discretionary judgment regarding" the denial of a bond under § 1226(c), 8 U.S.C. § 1226(e), we will affirm the District Court's denial of Quinteros' petition.

## I.

Nelson Quinteros entered the United States in 2001 at age 9. He and his family were briefly detained, but then received temporary protected status. In 2013, at age 18, Quinteros was convicted of conspiracy to commit assault with a dangerous weapon in aid of racketeering. Quinteros had become involved with the MS-13 gang, and gang members including Quinteros planned an assault on another gang that was subsequently called off. Quinteros received a 30-month sentence and was released several months early for good behavior after distancing himself from the gang.

Upon Quinteros' release, the Government initiated removal proceedings against him and detained him as a criminal alien under 8 U.S.C. § 1226(c). The legal issues surrounding Quinteros' removal and potential eligibility for relief from removal have led

3

to a lengthy series of administrative hearings and judicial appeals. Quinteros' appeal of the Board of Immigration Appeals' latest decision denying his application for relief is currently pending. *See Quinteros v. Att'y Gen.*, No. 18-3750 (3d Cir. filed Dec. 17, 2018).

While Quinteros' removal case proceeded, he filed a petition for writ of habeas corpus challenging his long detention without opportunity to argue for temporary release. In proceedings in the Middle District of Pennsylvania, the Government conceded Quinteros should be granted a bond hearing, and the court issued an order to that effect. *Quinteros v. Sabol*, No. 4:15-cv-2098 (M.D. Pa. Nov. 3, 2016). A bond hearing was held before an Immigration Judge on November 23, 2016. Quinteros produced affidavits and letters, along with his own testimony, aiming to show that he no longer had any gang affiliations, was now of good character, and would be well-integrated into the community. The IJ nonetheless found Quinteros should not be released because he posed a "continued danger to the community" and an "extreme flight risk." App. 202. The BIA reviewed the IJ's decision, agreeing that "[n]otwithstanding the respondent's apparent efforts at rehabilitation . . . given the recency and seriousness of the respondent's conviction, he poses a danger to the community," and also agreeing Quinteros posed a flight risk. *Id.* at 205–06.

Quinteros filed a second petition for writ of habeas corpus, commencing this case, arguing the bond hearing had not met constitutional requirements. The petition was reviewed by a Magistrate Judge, who issued a Report and Recommendation denying it. The District Court reviewed and adopted the Magistrate Judge's report. App. 3–5. Quinteros now appeals the District Court's order.

4

## II.

The District Court had jurisdiction to determine whether Quinteros was "in custody in violation of the Constitution or laws . . . of the United States" under 28 U.S.C. § 2241. We have jurisdiction to review its denial of Quinteros' habeas petition under 28 U.S.C. §§ 1291 and 1294. We review questions of law in a petition for habeas corpus *de novo*. *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 386 (3d Cir. 2001).

Our jurisdiction to review immigration detention decisions, however, is limited. The Immigration and Nationality Act shields from review "[t]he Attorney General's discretionary judgment regarding the application" of the statute governing immigration detention, and states, further, "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Though we may not review discretionary decisionmaking involved in denial of a bond, we retain the power to review the legal standard underlying immigration officials' actions and to evaluate legal and constitutional claims on that basis. *See, e.g.*, *Sylvain v. Att'y Gen.*, 714 F.3d 150, 155 (3d Cir. 2013).

## III.

Quinteros is currently detained under § 1226(c). This provision governs the detention of aliens who have committed one of a statutorily defined set of serious crimes, including conspiracy to commit assault, and now face removal after serving their sentences. Whereas other kinds of immigration detention are permissive, under § 1226(c) the Government "shall" detain any alien falling within its terms, and the statute itself

5

does not contemplate any opportunity for the alien to obtain release other than his cooperation as a witness in an investigation, or his eventual removal. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) (rejecting the theory that, under a constitutional avoidance interpretation, § 1226(c) includes an implicit requirement of a bond hearing). Still, we have held that, if detained for an "unreasonable" period, § 1226(c) detainees are nonetheless constitutionally entitled to a bond hearing at which the Government bears the burden of proof, and we have indicated our continued commitment to this holding in light of *Jennings*. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278, 279 (3d Cir. 2018) (finding "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long" and "*Diop* places the burden of proof on the Government in § 1226(c) cases") (citing *Diop v. ICE/Homeland Security*, 656 F.3d 221, 233 (3d Cir. 2011)); *see also Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015) (holding "at a certain point . . . the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous.").[1]

Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of Quinteros' challenges that pertain to the adequacy of process he received at his bond hearing. In a § 1226(c) bond hearing, as in other administrative hearings before an IJ, "due process requires three things. An alien: (1) is entitled to factfinding based on a record produced

---

[1] The IJ properly placed the burden of proof on the Government here. *See* App. 126 (IJ telling Quinteros "you don't have the burden of proof").

6

before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotations and citations omitted).

All three requirements were clearly met at Quinteros' hearing. *First*, the IJ appropriately engaged in factfinding based on a record produced by Quinteros and the Government. At the hearing, the IJ identified and itemized the exhibits Quinteros had provided on his behalf and invited Quinteros to share any additional information about himself. The IJ also accepted record evidence offered by the Government and made sure Quinteros had an opportunity to review and respond to that evidence. *Second*, the record shows, and Quinteros does not deny, that he was given ample opportunity to make arguments on his own behalf and respond to the Government's contentions. *Third*, the IJ described the hearing as an "individualized" proceeding, App. 107, and the record confirms the IJ considered specific details of Quinteros' case before issuing an assessment particular to Quinteros.

Our review is limited by 8 U.S.C. § 1226(e) to those constitutional issues. We accordingly lack jurisdiction to consider Quinteros' primary argument—that the IJ failed to sufficiently consider Quinteros' present dangerousness—because it asks us to reweigh the IJ's discretionary decisionmaking. *See* Appellant's Br. 10.[2] We need not determine

---

[2] Similarly, Quinteros argues the IJ also did not adequately address Quinteros' current flight risk. Because a finding of either dangerousness or flight risk, alone, was enough to demonstrate the necessity of detaining Quinteros to serve the purposes of the statute, it is not necessary address this argument. *Chavez-Alvarez*, 783 F.3d at 474–75.

7

the extent to which constitutional due process calls for an assessment of current dangerousness because the record unambiguously shows the IJ made his findings based on current facts. After hearing from Quinteros and reviewing the records Quinteros had submitted, the IJ recognized Quinteros had been very young at the time of his original offense and commented "I understand what has happened since then." App. 134–35. The IJ concluded: "[w]hile the Court recognizes that Respondent has complied with prior court orders and believes himself to be changed, the Court finds that the nature of Respondent's crime is inherently dangerous and that he represents a continued danger to the community. Respondent's conviction related to a potentially violent and deadly offense and involved international criminal organizations." App. 202. The IJ expressly accounted for both Quinteros' past offense and his more recent reform before denying Quinteros bond. To the extent Quinteros suggests there was not sufficient proof of present dangerousness, he asks us to reweigh the evidence in contravention of 8 U.S.C. § 1226(e).[3] We accordingly conclude the IJ's decision was within his sound discretion, which we have no jurisdiction to review under 8 U.S.C. § 1226(e).

---

[3] Quinteros contends the IJ inappropriately required the Government to make its case by a preponderance of the evidence rather than by clear and convincing evidence. But the IJ did not adopt expressly a preponderance of the evidence standard. The IJ appropriately placed the burden on the Government and found that burden was met. We need not decide whether the clear and convincing evidence standard applies, because the IJ's careful assessment of the arguments and evidence demonstrates his conclusion is consistent with that standard. Further probing of the IJ's assessment of the weight of the evidence is outside our purview under 8 U.S.C. § 1226(e).

**IV.**

For the foregoing reasons, we will affirm the District Court's denial of the petition.